UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Melvin Lee Davis**, # 39574-133,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>**United States of America**,  )<br>)<br>Respondent.  )<br>_____ | **C/A No. 4:05-2815-HFF-TER**<br><br><br><br>**Report and Recommendation** |

# *Background of this Case*

The petitioner is a federal inmate at the United States Penitentiary in Florence, Colorado. In a letter to the Honorable Joseph F. Anderson, Jr., Chief Judge, the petitioner contended that he is being held after the expiration of his sentence in Criminal No. 7:72-CR-245-1. The letter was docketed a post-judgment motion in the closed criminal case. Sentencing in the closed criminal case was entered by the Honorable J. Robert Martin, Jr., (then) Chief Judge, on March 6, 1973. Judge Martin died on November 14, 1984. Since any post-judgment matter in a closed criminal case would require the attention of a United States District Judge, the closed criminal case was reassigned to the Honorable Henry F. Floyd, United States District Judge.

1

This matter was assigned a civil action number[1] pursuant to the Order of the Honorable Henry F. Floyd, United States District Judge. Judge Floyd's Order was filed in the closed criminal case and in the above-captioned case on September 28, 2005:

> On February 8, 1973, the petitioner entered a plea of guilty to bank robbery. The plea was entered before the Honorable J. Robert Martin, Jr., (then) Chief Judge. The petitioner has submitted a pleading in letter form in which he contends that he is being held past the expiration of his sentence. It is well settled that imprisonment allegedly beyond the expiration of a sentence is cognizable under 28 U.S.C. § 2241. <u>Atehortua v. Kindt</u>, 951 F.2d 126, 129-130, 1991 U.S.App. LEXIS® 29451 (7th Cir. 1991).
>
> The Clerk of Court is directed to terminate the *pro se* pleading (Entry No. 1 [on CM-ECF]) as a pending motion in the above-captioned closed criminal case. The formal filing date of the petition in the new civil action will be the date that the civil action is opened on CM-ECF. The Clerk of Court shall assign a civil action number to this matter and may "re-file" the pleading as a new Section 2241 action as of the date signed order is received for docketing. Since Section 2241 actions in this district are reviewed initially by United States Magistrate Judges, the assigned magistrate judge may review the matter under the General Order signed on June 4, 1997 (Misc. No. 3:97-MC-148-12), which applies to initial review of prisoner cases that are not "in proper form."

(Judge Floyd's Order of September 28, 2005).

---

[1]The Office of the Clerk of Court has implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

In the amended petition (Entry No. 6), the petitioner contends that his sentence in Criminal No. 7:72-245-1 has expired and that he is currently being held beyond the expiration of his sentence. The petitioner, in an attachment, writes: "I have a detainer (14 months) in an unrelated matter."[2]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d

---

[2]The Judgment and Commitment in Criminal No. 7:72-245-1 (a copy of which is appended to the amended petition) indicates that the twenty-year sentence imposed by Chief Judge Martin was "to run consecutively to all Federal sentences heretofore imposed."

3

219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[3] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal district court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition, which raises claims under 28 U.S.C. § 2241, should be transferred to the district where the petitioner is confined. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this

---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the passage of § 2255 by the Congress in 1948, Section 2241 has only been resorted to only in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170, 1997 U.S.App. LEXIS® 15663 (9th Cir. 1990), *cert. denied*, 499 U.S. 940, 1991 U.S. LEXIS® 1772 (1991); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-505, 1993 U.S.App. LEXIS® 29079 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736, 1994 U.S.App. LEXIS® 735 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130, 1991 U.S.App. LEXIS® 29451 (7th Cir. 1991).

In the petition, the petitioner contends that the Federal Bureau of Prisons is holding him after the expiration of his sentence in Criminal No. 7:72-245-1. Matters pertaining to imprisonment beyond the expiration of a sentence are, indeed, claims cognizable under 28 U.S.C. § 2241. Atehortua v. Kindt, supra, 951 F.2d at 129-130.

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  *See* Rumsfeld v. Padilla, 72 U.S.L.W. 4584, 159 L.Ed.2d 513, 124 S.Ct. 2711,  2004 U.S. LEXIS® 4759 (2004); al-Marri v. Rumsfeld, 360 F.3d 707, 2004 U.S.App. LEXIS® 4445 (7th Cir.), *cert. denied*, 73 U.S.L.W. 3205, 160 L.Ed.2d 11, 125 S.Ct. 34, 2004 U.S. LEXIS® 5524 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973); Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979); and Cox v. Federal Bureau of Prisons, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).  The petitioner is confined at the United States Penitentiary in Florence, Colorado, which is located in the the District of Colorado.  28 U.S.C. § 85.

In Norris v. Georgia, supra, the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana.  The lower court in Norris effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana.  Norris v. Georgia, 357 F. Supp. 1200 (W.D.N.C. 1973). In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent

such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" Norris v. Georgia, supra, 522 F.2d at 1009 n. 2.

Under the holding in Norris v. State of Georgia, the Warden of the United States Penitentiary in Florence, Colorado, cannot be reached by service of process issued by the United States District Court for the District of South Carolina. Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Moreover, the Warden of the United States Penitentiary in Florence, Colorado, cannot be served by mail from the District of South Carolina. Norris v. State of Georgia, supra, 522 F.2d at 1009 n. 2.

Moreover, if this case were transferred to the United States District Court for the District of Colorado, the petitioner would have the benefit of the "delivery" date on which he mailed the pleadings in the above-captioned case to the Clerk Office of the United States District Court for the District of South Carolina: July 20, 2005. Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988).[4]

---

[4]Upon transfer, the United States District Court for the District of Colorado would be able to develop factual record in order to determine whether the petitioner is actually "in custody" on his conviction in Criminal No. 7:72-245-1 (DSC) or is confined for an unrelated federal conviction entered prior to or after entry of the judgment in Criminal No. 7:72-245-1 (DSC).

7

# *Recommendation*

Accordingly, it is recommended that the above-captioned case be transferred to the United States District Court for the District of Colorado. Rumsfeld v. Padilla, supra.  *See also* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  *Cf.* Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III

November 7, 2005
Florence, South Carolina

Thomas E. Rogers, III
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
